OPINION OF THE COURT
Per Curiam.
Order dated June 22, 2001 affirmed, with $10 costs.
*652 Tenants’ most recent renewal lease expired September 30, 1999. Following the September 2000 dismissal of a prior holdover proceeding in which landlord claimed the premises had become exempt from regulation, landlord tendered a renewal lease retroactive to October 1, 1999, which tenants refused to sign. Under then extant Rent Stabilization Code (9 NYCRR) § 2523.5 (c), tenants had the option of having the renewal lease term commence either on the date a renewal lease would have commenced had a timely offer been made (Oct. 1, 1999), or on the first rent payment date occurring no less than 120 days after the date of the October 10, 2000 renewal offer (Mar. 1, 2001). Since landlord’s refusal to offer a prospective lease renewal was in disregard of the code provision, this holdover proceeding grounded upon tenants’ refusal to execute a renewal lease retroactive to October 1, 1999 was properly dismissed.
Kips Bay Towers Assoc. v Yuceoglu (134 AD2d 164), and other cases relied upon by landlord which predate section 2523.5 (c), are not apposite. The language of the code is clear and unambiguous, and does not contemplate examination of “the equities” in each case to determine the commencement date of the renewal lease.
Suarez, P.J., McCooe and Gangel-Jacob, JJ., concur.